UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HENRY P. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-00514-HAB-SLC |
| CITY OF FORT WAYNE, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed this case against Defendant City of Fort Wayne and several Fort Wayne police officers in state court on November 4, 2024, alleging that Defendants subjected Plaintiff to an unreasonable seizure of his property in violation of the Fourth Amendment and 42 U.S.C. § 1983. (ECF 4). Defendants timely removed the case to this Court and filed an answer. (ECF 1, 3). The Court held a preliminary pretrial conference on January 29, 2025, and entered a scheduling order, setting the following deadlines: April 21, 2025, for Plaintiff to seek leave of Court to amend his pleadings; May 21, 2025, for Defendants to seek leave of Court to amend their pleadings; and August 19, 2025, for the completion of all discovery. (ECF 11, 12). The Court subsequently extended Plaintiff's deadline to seek leave to amend his complaint to April 28, 2025. (ECF 13, 14).

Now before the Court is a motion to amend complaint filed by Plaintiff on April 28, 2025, seeking leave of Court to amend his complaint to allege a class action pursuant to Federal Rule of Civil Procedure 23. (EF 15). Defendants filed a response in opposition to the motion on May 19, 2025, arguing that the motion should be denied as "implausible" given the "evidence,

discovery production, and limited agreements between the parties[.]" (ECF 18 at 4). Plaintiff timely filed a reply brief on May 27, 2025 (ECF 19), and thus, the motion is ripe for ruling.

Under Federal Rule of Civil Procedure 15(a)(2), a party must seek the Court's leave or the written consent of the opposing party when the moving party can no longer amend the pleadings as a matter of right. The Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court[,]" *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Having said that, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

Defendants argue that Plaintiff's motion should be denied because the proposed amended complaint "frame[s] the case under allegations that have already been disproven in discovery and uses these claims to seek a broader lawsuit, a class action." (ECF 18 at 2). Defendants contend that allowing the amendment will prejudice them by "creating a lengthy, unduly burdensome, and expensive lawsuit that is already fraught with problems in the pleading." (*Id.*). Further, Defendants argue that the proposed amended complaint maintains allegations of race discrimination that the parties have agreed are unsupported,[1] as well as allegations about the availability of another driver to operate Plaintiff's vehicle, which Defendant claims is "not

---

[1] Plaintiff agrees in his reply brief to revise the proposed first amended complaint to delete the race discrimination claim. (ECF 19 at 2).

2

consistent with the discovery production."[2] (*Id.*). Finally, Defendants argue the proposed amended complaint "seeks to create a class action despite evidence exchanged in discovery that defeats Plaintiff's own claims for unreasonable seizure." (*Id.*).

Defendants are, in essence, suggesting that the motion to amend should be denied based on futility. "[F]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) (citation omitted). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend . . . ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 5190-20 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

Considering a futility argument at this juncture would be premature. "First, the Seventh Circuit has stated that denying a motion for leave to amend is generally disfavored, especially when the plaintiff has not yet had an opportunity to amend their complaint." *Chen v. Yellen*, No. 3:20-CV-50458, 2021 WL 5005373, at *2 (N.D. Ill. Oct. 28, 2021) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). Second, a futility analysis would be premature because it would be better addressed in a motion to dismiss or a motion to certify a class. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bentley v. Ariz. Dep't of Child Safety*, No. CV-17-00966-PHX-DJH, 2018 WL 8262769, at *1 (D. Ariz. Nov. 7,

---

[2] Plaintiff disputes this assertion in his reply brief, stating that "[t]here was another driver available to operate Plaintiff's vehicle" and that "the untruths contained in Defendants' discovery answers will be revealed." (ECF 19 at 2).

2018) (collecting cases). Here, Defendants' arguments in opposition to the motion to amend, "even if merited, remain better left for full briefing on a motion to dismiss [or a motion to certify a class]." *Id.* at *2 (collecting cases); *see Chen*, 2021 WL 5005373, at *3 ("[C]ourts around the country have found that futility arguments made in opposition to the filing of an amended [pleading] are often better suited for consideration in the context of a motion to dismiss . . . ." ); *see also Carlson v. Northrop Grumman Corp.*, No. 13 C 2635, 2014 WL 5334038, at *5 (N.D. Ill. Oct. 20, 2014) (granting motion to amend to advance claims for class-wide relief, stating that "[a]lthough Defendants' arguments cast significant doubt on whether Plaintiffs can succeed on Counts I and II, the Court finds that the record is insufficiently developed to provide for a meaningful analysis and thus declines to find Counts I and II futile at this time").

Defendants also claim that they will be unduly prejudiced if the amendment is allowed by having to defend "a lengthy, unduly burdensome, and expensive lawsuit that is already fraught with problems in the pleading." (ECF 18 at 2). But "[v]irtually every amendment results in some degree of prejudice to an opposing party because of the potential for additional discovery and trial delay." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (citation omitted). "To determine whether sufficient prejudice exists to justify denial of an amendment, the Court balances the respective interests of the parties." *Id.* (citation omitted). With respect to class actions:

> When a party fails to apprise the opposing party of the possibility of a class action amendment at the earliest possible date and the opposing party expends time and resources in shaping the litigation as an individual lawsuit, it would be unduly prejudicial to impose upon that party the added expense and complexity of a class action.

*Id.* (citations, quotation marks, and brackets omitted).

4

Here, Plaintiff filed his motion to amend just five months after commencing this case in November 2024. (*See* ECF 4, 15). The motion to amend is timely under the Court's scheduling order. (ECF 12). Discovery remains open through August 19, 2025, and has not been previously extended. (*See id.*). No trial date has been set in this matter. Furthermore, at the preliminary pretrial conference on January 29, 2025, Plaintiff's counsel informed the Court and opposing counsel that Plaintiff was intending to make this case a class action, stating that he would likely seek to amend the complaint "within ten days." (ECF 11). While Plaintiff did not seek leave to amend within that abbreviated time frame, he did timely do so within his deadline to seek leave to amend his pleadings. (*See* ECF 12, 14). Given these circumstances, Defendants cannot credibly contend that they are unduly prejudiced by their "expend[ing] time and resources in shaping the litigation as an individual lawsuit . . . ." *In re Ameritech Corp.*, 188 F.R.D. at 283 (citations omitted). As such, the Court will not deny the motion to amend based on the grounds of undue prejudice.

As already explained, the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff previously put Defendants and the Court on notice that Plaintiff may seek to amend his complaint to advance a class action, and Plaintiff filed the motion before the applicable deadline passed. Given these circumstances, the motion to amend (ECF 15) is GRANTED. Plaintiff is AFFORDED to and including June 23, 2025, to file his proposed amended complaint as revised to omit the race discrimination claim (ECF 15-1).

SO ORDERED.

Entered this 16th day of June 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge